IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Keira Young<br><br>    Plaintiff<br><br>v.<br><br>EJA Property Group, Inc.;<br>Costa Bahia Hotel, LLC, D/B/A<br>Hotel Costa Bahia; A Corp., Y<br>and Z Insurance Companies<br><br>    Defendants | CIVIL NO.<br><br>Plaintiff demands Trial by Jury |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff Keira Young, represented by the undersigned attorneys and before this Honorable Court respectfully alleges and prays as follows:

### I. THE PARTIES

1. Plaintiff Keira Young is of legal age, single, and domiciled in the State of Pennsylvania.

2. Defendant, EJA Property Group, Inc., is a Puerto Rico registered Corporation, with principal offices located in Puerto Rico, that as part of its business operations, is the owner of various real estate properties and business enterprises, to

include the real estate property that operates the Hotel Costa Bahia, located in San Juan, Puerto Rico.

3. By information and/or belief, Costa Bahia Hotel, LLC, is a Puerto Rico limited liability company organized under the laws of Puerto Rico that has as its sole member EJA Property Group, Inc, and that is the operator of the business establishment that conducts business as the Hotel Costa Bahia.

4. By information and belief, Costa Bahia Hotel, LLC is the operator and administrator of Hotel Costa Bahia, San Juan, Puerto Rico, the place where the accident described in this complaint occurred.

5. All of the above-named defendants are referred to collectively hereinafter in this complaint as the "Costa Bahia Defendants"

6. A CORP, is the fictitious name utilized to denominate another company or corporate entity that together with the rest of the Costa Bahia Defendants are also responsible for the accident described in this complaint and all damages caused the plaintiff to suffer. Once its identity is known, the complaint may be amended to substitute and properly name said unknown defendant with its correct name.

7. Y and Z INSURANCE COMPANIES are the fictitious names used to denominate one or more insurance companies that at the

time of the occurrence of the event described in this complaint had issued and had in effect one or more insurance policies to cover the liability or excess liability of one or more of the Costa Bahia Defendants in this action. Once their identities are known, the complaint may be amended to substitute the fictitious names with the proper names of said insurance company defendants.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C., Section 1332(a)(1) because this is an action for damages between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

9. Pursuant to 28 U.S.C., Section 1391(a)(2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

## III. FACTS

10. Plaintiff, Keira Young was a paying hotel guest at Hotel Costa Bahia.

11. Ms. Young, on December 10, 2023, around 8:30 AM, was walking towards the direction of the hotel lobby, using the outside stairs.

12. Upon reaching the top stair, when she stepped on the tyle floor, due to the wet and slippery condition of the tiled

floor, she suddenly slipped and fell, suffering physical injuries and pain as a result of her fall, mostly in the area of her right ankle and leg and the left side of her body.

13. When she returned to her place of domicile, and as a direct result of the fall, she was diagnosed as suffering a non-displaced fracture of the anterior process of right calcaneus, and placed on a cast.

14. After weeks in a cast, she was given physical therapy treatments and other remedial treatments.

15. Due to the accident and injuries, particular the injury to her right leg and ankle, Ms. Young still suffers from sharp pain and has difficulty walking.

## IV.   LIABILITY OF THE DEFENDANTS

16. All the Costa Bahia defendants are considered Innkeepers under Puerto Rico law. As Innkeeper's and as per Puerto Rico law, the Costa Bahia Defendants have and owe a heightened duty of care towards guests, like Ms. Young.

17. As Innkeeper's, owners, operators and managers of the hotel facilities, the Costa Bahia defendants are required to maintain all its hotel premises in such condition so that their guests do not suffer injuries due to negligence of the Innkeeper and/or the hotel premises and/or the negligence of their management and employees.

18. As per the following averments, the Costa Bahia defendants were negligent in not identifying a dangerous condition at the entrance of their hotel consisting of wet and slippery tyle floors and in not providing adequate maintenance to eliminate said dangerous condition at a place of the accident and/or other feasible remedial measures.

19. At a minimum, and due to the wet and slippery floor conditions, the Costa Bahia management and their employees should have properly monitored the floors of hotel entrance in order to warn guests of the slippery conditions of the same, particularly when wet. The defendants failed to act.

20. The Costa Bahia defendants allowed wet and slippery tyle floors in an area of the hotel lobby, permitting with such carelessness a dangerous condition to be present.

21. The Costa Bahia defendants and their employees failed to monitor and correct the dangerous condition created by wet and slippery floors at the entrance of the hotel and failed in eliminating the same.

22. The Costa Bahia defendants and their employees failed to warn by failing to post adequate warning signs indicating the presence of wet and slippery tyle floors, contributing in this way to the accident and damages suffered by Ms. Young.

23. The Costa Bahia defendants and their employees failed to provide a non-slippery tyles and/or place a proper safety matt, that would have prevented the accident suffered by Ms. Young due to wet and slippery tyle floors. Their failure to act and/or their failure to correct slippery tyle floors amounts to negligence.

24. As per the previous averments, all the Costa Bahia defendants and their employees and in particular the management and the employees, failed in carrying out their responsibility and obligations as Innkeepers, owners of real estate, administrators, managers and owners of a hotel business, by not properly and on a timely basis, inspecting, correcting, repairing, and eliminating and/or fixing dangerous conditions that wet and slippery tyle floors represent in an area of high traffic like the hotel entrance.

25. All the Costa Bahia defendants and their employees, are thus jointly responsible for the accident and all damages suffered by Ms. Young.

## V. DAMAGES

26. The fall suffered by Ms. Young caused her to suffer damages that still affect her to this date.

27. Prior to the accident, Ms. Young enjoyed a very vigorous lifestyle, enjoying a number of activities, to include home, travel and other recreational activities.

28. After the accident and due to the negligence of the defendants and their employees and the damages suffered, the lifestyle that Ms. Young enjoyed changed forever. For many months she had to walk with a cast.

29. The pain suffered by Ms. Young as a result of the fall and injuries suffered is constant. She has difficulty moving and walking. As a result of the accident, she suffers significantly from pain, anguish, limitations in movement, and she has been impeded from conducting household chores, work, and many other daily activities.

30. Ms. Young at present still complains of pain, suffers from mental anguish and distress.

31. She has permanent physical damages and impairments that will affect her for the rest of her life.

32. All her past, present, and future physical and mental anguish damages, to include hedonic damages suffered due to the negligence of the defendants are compensable as per the Civil Code of Puerto Rico.

33. All her physical and mental anguish damages to include hedonic damages are reasonably estimated in a sum in excess of $150,000.00.

34. Ms. Young because of the negligent acts of the defendants as described in this complaint, has been caused to incur and will have to incur in additional economic unwanted expenses that would not have incurred if not for the accident. Said expenses, to include medical related expenses, treatments, and evaluations, are reasonably estimated in a sum in excess of $20,000, a sum that the defendants also owe to the plaintiff.

35. All of the named Defendants and their employees because of the gross negligence as per the dispositions of the new Civil Code of Puerto Rico regarding damages, direct and vicarious liability, are jointly and severally liable to the Plaintiffs for all of the damages caused.

36. Under the provisions of Article 1536 of the Civil Code of Puerto Rico, all plaintiffs are entitled to be compensated jointly from the defendants for all damages caused to suffer because of negligence as alleged in this complaint.

37. Pursuant to Article 1538 of the Civil Code of Puerto Rico, plaintiff requests that the total amount of compensation awarded by a jury to Ms. Young be doubled, if a jury determines, based on the factual and evidence presented at trial, that one or

more of the Costa Bahia defendants and/or their employees acted or failed to act knowingly, intentionally and with gross disregard to the safety and well-being of Ms. Young.

38. By information and/or belief, the defendants had in effect one or more insurance policies covering one or more of the defendants at the time of the accident and/or providing also excess insurance coverage. As per the insurance code of Puerto Rico and by virtue of the insurance policies in effect and/or other insurance policies that may have been in effect, the unknown insurance company defendants are also directly responsible to the plaintiff for all damages suffered, up to the insurance coverage limits provided as per the insurance policies in effect at the time of the accident, to include excess coverage insurance policies.

39. Plaintiff demands trial by jury as to all claims asserted herein.

**WHEREFORE,** the Plaintiff requests the entry of judgment in her favor and against all Defendants condemning them to pay jointly and severally all the damages and amounts claimed herein, together with interest, costs, and attorney's fees, and if granted by a jury, for double the compensation as per Article 1538 of the Civil Code of Puerto Rico.

**WE HEREBY CERTIFY:** that on this same date, I electronically filed the foregoing amended complaint with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to the attorneys of record.

In San Juan, Puerto Rico this 2nd day of December, 2024.

**RESPECTFULLY SUBMITTED.**

        **Rivera-Aspinall, Garriga & Fernandini, PSC**
        Attorneys for Plaintiff
        1647 Adams St., Summit Hills
        San Juan, Puerto Rico   00920
        Tel. (787) 792-8644
        Fax (787) 792-6475
        E-Mail: aspinall@ragflaw.com

        **S/Julián R. Rivera-Aspinall**
        Julián R. Rivera-Aspinall, Esq.
        USDC/PR 208506